IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

UNITED STATES OF AMERICA

v.   NO. 5:22-CR-119-H

SHEMAR CAMERON GREEN

## FACTUAL RESUME

In support of Shemar Cameron Green's plea of guilty to the offense in Count Four of the Indictment, Green, the defendant, David Sloan, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Four of the Indictment, charging a violation of 18 U.S.C. §§ 2252A(a)(1) and (b), that is, Transportation of Child Pornography, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That the defendant knowingly transported by any means or facility of or in or affecting interstate or foreign commerce, including by computer, an item or items of child pornography, as alleged in the indictment; and

*Second.*   That when the defendant transported the item or items, the defendant knew the item or items were child pornography.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar

---

[1] Fifth Circuit Pattern Jury Instruction 2.85C (5th Cir. 2019).

**Shemar Cameron Green**
**Factual Resume—Page 1**

device.

The term "child pornography" means any visual depiction, including any photograph, film video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation, sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; (3) whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

## STIPULATED FACTS

1.      Shemar Cameron Green admits and agrees that on or about January 14, 2022, in the Lubbock Division of the Northern District of Texas, and elsewhere, he, the defendant, knowingly transported child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: filename: shemar_g22-None-d26c44e1-ddb3-51e4-

ba93-284cbcb03ebc~36-e28cdf61c7.mp4, with hash value: a6955867dceea7afba3de60cdccdbfe6, in or affecting interstate or foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(1) and (b).

2.   On January 15, 2022, an online social media company submitted a CyberTip to the National Center for Missing and Exploited Children indicating that a user uploaded two videos of child pornography to his account on January 14, 2022. The email address associated with that account included the name Shemar Green in it. The two video files were described as filename: shemar_g22-None-d26c44e1-ddb3-51e4-ba93-284cbcb03ebc-36-e28cdf61c7.mp4, with hash value: a6955867dceea7afba3de60cdccdbfe6, which depicted an approximately 7-to-10-year-old female child masturbating and filename: shemar_g22-None-d26c44e1-ddb3-51e4-ba93-284cbcb03ebc-31-b365058a04.mp4, with hash value: a0012677cfb6971a6c8f38155b4f3a1a, which depicted an approximately 7-to-10-year-old female child inserting something into her vulva. These files were child pornography as defined by 18 U.S.C. § 2256(8).

3.   Initial information revealed that the individual who uploaded the files was likely located in Snyder, Texas, so the CyberTip was forwarded to the Snyder Police Department. Law enforcement obtained subscriber information for the social media account that uploaded the files and discovered the account belonged to the defendant, Shemar Cameron Green.

4. On March 2, 2022, law enforcement searched Green's residence in Snyder and interviewed Green. Initially, Green denied knowing anything about the social media account, but eventually Green admitted that he viewed child pornography of both boys and girls. Green was shown screenshots from the videos described in the CyberTip and admitted to viewing those videos. Green further admitted to law enforcement that he had viewed child pornography for approximately four years, distributed child pornography to others, sent photographs of his penis to several minors and received nude photographs from minors, and engaged in sexual contact with an approximately 6-year-old child when he was a teenager.

5. Law enforcement forensically examined Green's iPhone and discovered multiple files of child pornography, including a video Green produced of an approximately five-year-old child performing oral sex on Green. Law enforcement interviewed Green again and he admitted that he made the video.

6. Green admits that he used several devices to further the commission of his production and transportation of child pornography, specifically: an Apple iPhone 7, IMEI 354915092827444; an Apple iPhone XR, IMEI 356834115622112; and an Apple iPhone SE, IMEI 356603081059793, and that these items should be forfeited to the United States.

7. Green admits and agrees that he knowingly transported by any means or facility of, or in or affecting interstate or foreign commerce, including by computer, an item or items of child pornography, that is, filename: shemar_g22-None-d26c44e1-ddb3-51e4-ba93-284cbcb03ebc-36-e28cdf61c7.mp4, with hash value:

**Shemar Cameron Green**
**Factual Resume—Page 4**

a6955867dceea7afba3de60cdccdbfe6, which depicted an approximately 7-to-10-year-old female child masturbating. Moving the files from one's computer device to one's online social media account constitutes transportation of child pornography using a computer. Green admits and agrees that at the time he transported filename: shemar_g22-None-d26c44e1-ddb3-51e4-ba93-284cbcb03ebc-36-e28cdf61c7.mp4, with hash value: a6955867dceea7afba3de60cdccdbfe6, he knew it was child pornography. Green admits and agrees that his conduct is a violation of Title 18, United States Code, Sections 2252A(a)(1) and (b), Transportation of Child Pornography.

8. The defendant agrees that the defendant committed all the essential elements of the offenses. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Four of the Indictment.

AGREED TO AND STIPULATED on this 13th day of MARCH, 2023.

_____
SHEMAR CAMERON GREEN
Defendant

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
CALLIE WOOLAM
Assistant United States Attorney
Texas State Bar No. 24075306
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:  806-472-7564
Facsimile:   806-472-7394
E-mail:        callie.woolam@usdoj.gov

_____
DAVID SLOAN
Attorney for Defendant